## FREDERICK E. MENZEL

*v.*

## JOHN A. ACKERMAN et al.

The complainant was a judgment creditor of the defendant, and thereunder levied on and purchased at the sheriff's sale real estate belonging to the debtor. There were two prior mortgages on the premises, which were afterwards foreclosed, complainant being made a party, and the premises bought by the executors of defendant's father. One of the mortgages was for $2,800, and was given by the defendant to the executors. The defendant, under her father's will, was entitled to the use of the residue of the estate, and in a certain contingency, to the residue absolutely. On a bill by the complainant against the defendant, the executors and others, to set aside as fraudulent, and intended to deprive complainant of his debt, the mortgage given by the defendant to his father's executors for moneys due the estate—*Held,* that as the claims of the estate against the defendant were shown by the evidence to be just and due, and antedated that of complainant, the fact that the defendant had abandoned a questionable claim against the estate, at the suggestion of the executor, by whom it was opposed, presented no ground of relief to complainant.

Bill for relief. On final hearing on pleadings and proofs.

*Mr. H. S. Drury,* for complainant.

*Mr. G. Ackerson, Jr.,* for defendants.

THE CHANCELLOR.

The complainant is a judgment creditor of John A. Ackerman. The judgment was recovered in Passaic Circuit Court in May, 1875. Under an execution thereon the complainant sold, in August of that year, certain real estate in Paterson belonging to the debtor, and became the purchaser thereof at the sheriff's sale. The property was then subject to two mortgages: one on the whole property for $2,800 and interest, given in March, 1874, by Ackerman to and held by the defendants, Zabriskie and Bogert,

Menzel v. Ackerman.

executors of Abraham Ackerman, deceased, father of John A. Ackerman, and the other for $1,000 and interest, given by John A. Ackerman, in April, 1872, to Jacob Carlock, on part only of the property. The executors, in November, 1877, filed a bill in this court on their mortgage, for foreclosure and sale of the mortgaged premises, and made the complainant a party to the suit as the owner of the equity of redemption. The complainant did not answer, and there was a final decree by default, under which the property was sold (subject to the Carlock mortgage, however) in June, 1878, and bought in by the executors. In November, 1877, Carlock filed a bill in this court to foreclose his mortgage, and obtained a final decree thereon, which was subsequently assigned to Zabriskie individually, and under the decree the mortgaged premises were sold on the same day on which the sale under the executors' mortgage took place. Zabriskie was the purchaser at that sale.

The bill states that John A. Ackerman was not indebted to the estate of his father when the mortgage of $2,800 was given, but that, on the contrary, the estate was indebted to him, and that that mortgage was given by collusion between him and the executors for the purpose of defrauding the complainant out of his claim against the former. By the will of Abraham Ackerman the testator ordered that the residue of his estate, after payment of his debts and certain legacies, should remain in the hands of the executors, and that the interest thereof should be paid to his son John yearly during his natural life, and that after his death the principal should be equally divided among John's heirs. The will also provided that in case John should survive his wife, the principal should be paid over to him. The testator died in February, 1873, and the will was proved in March following. The inventory of the estate was proved, filed and recorded on the 1st of April in the same year. In the inventory were included two notes given by John A. Ackerman to his father, one for $500 and the other for $600, with interest thereon amounting, on both notes, to $464.84; and also $1,000 inventoried as cash in his hands. It appears clearly, from the evidence, that these were all just claims of the estate against

him; the item of $1,000, correctly stated, being for money lent by the testator to John in or about 1868. The note for $500 was given January 16th, 1867, and that for $600 on the 5th of April, in the same year, and both were payable with interest. The complainant's debt was contracted not earlier than the latter part of the year 1873. With a view to securing these debts of John to the estate, (and another, which appeared after the filing of the inventory, for interest collected by him in his father's lifetime, and without authority, on a mortgage held and owned by his father), the executors, in accordance with their duty in the premises, sought and obtained the mortgage of $2,800. There is no evidence of any design to defraud the complainant or to hinder him in any way in the collection of his claim. The bill alleges that John had, when the mortgage was given, large claims or accounts against the estate, which Zabriskie had promised him he should have due opportunity to present for allowance, but which Zabriskie subsequently had refused to receive, on the ground that they had not been presented within the period fixed by the order limiting creditors. It appears that John contemplated making a claim of considerable amount against the estate for board of the testator; but it also appears that he was instigated thereto by the fact that his sister and her husband had made a large claim against the estate for board of and care for his father in the last years of his life, which had been allowed, and with the amount of which he was dissatisfied. The proof shows that Zabriskie not only discountenanced the claim which John presented, but opposed it, on the ground that it was unmeritorious, especially in view of the testator's liberality in his lifetime towards John—and John, in fact, abandoned it. Not to speak of the effect of the sales under the foreclosure suits, it is enough to say that the *gravamen* of the bill is fraud, and the proof in no wise establishes it. The bill will be dismissed, with costs.